Citation Nr: 1829313 
Decision Date: 05/25/18 Archive Date: 06/12/18

DOCKET NO. 13-02 239 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Seattle, Washington


THE ISSUES

1. Entitlement to service connection for degenerative joint disease of multiple joints, claimed as due to in-service herbicide agents exposure or, in the alternative, secondary to the service-connected bilateral knee disabilities.

2. Entitlement to a total disability rating based upon individual unemployability (TDIU).


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

The Veteran and R.B.


ATTORNEY FOR THE BOARD

R. R. Watkins, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1970 to May 1974.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a July 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Seattle, Washington.

The Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge in December 2015. The transcript of the proceeding is included in the claims file.

In April 2016, the Board reopened the issue of entitlement to service connection for degenerative joint disease of multiple joints and remanded the appeal to the Agency of Original Jurisdiction (AOJ) for additional evidentiary development.

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.


REMAND

VA physician, Dr. R., submitted a July 2013 letter indicating that the Veteran was exposed to lead pain, zinc chromate, asbestos, and Agent Orange in active service, which contributed to many health problems and the Veteran's inability to work. In the September 2015 hearing, the Veteran contended that he had arthritis in his hands, left shoulder, spine, and feet that was related to the work he completed during active service, related to his service-connected bilateral knee arthritis, and/or related to chemical and toxin exposure in service. The Veteran reported that he worked with lead paint, zinc pain, chrome paint, and other chemicals in the engine room aboard his ship in service. R.B. explained that the Veteran would have been exposed to jet fuel, thinners, varnishes, and chemical weaponry during his work in the engine room because the waste water from cleaning the decks would collect in the bilges of the ship that the Veteran maintained. The Veteran further noted that he would sit in bilges with water up to his waist while he worked and that the environment was toxic.

In April 2016, the Board remanded the Veteran's service connection claim to afford him a VA examination. The Veteran underwent a VA examination in November 2016. The VA examiner diagnosed bicipital tendonitis, tenosynovitis, and degenerative arthritis of the spine. He opined that these disabilities were less likely than not caused by service and that it was less likely than not that they were caused or aggravated by his service-connected knee disabilities. The VA examiner's rationale was that that there were no pathophysiological relationship between the current conditions and herbicide exposure. He also elaborated that there was no pathophysiological relationship between the conditions and the service-connected knee disabilities. The VA examiner concluded that they were not aggravated beyond their natural progression by the service-connected knee disabilities. The Board finds that these opinions are inadequate because the VA examiner failed to explain why there was no pathophysiological relationship between the Veteran's current disabilities and active service or his service-connected knee disabilities. Additionally, the VA examiner did not address the Veteran's contention that his disabilities were caused by engaging in physical labor during active service. Therefore, a remand is necessary to obtain adequate medical opinions regarding the etiology of the Veteran's current disabilities. 

Lastly, the Board finds that the claim of entitlement to a TDIU is inextricably intertwined with the issue of entitlement to service connection for degenerative joint disease of multiple joints. All issues "inextricably intertwined" with the issue certified for appeal are to be identified and developed prior to appellate review. Harris v. Derwinski, 1 Vet. App. 180 (1991). The claim of entitlement to TDIU is "intertwined" with the issue of entitlement to service connection for degenerative joint disease of multiple joints because a decision on the latter claim may have an impact. 

Accordingly, the case is REMANDED for the following actions:

1. Obtain an addendum medical opinion to determine the etiology of the Veteran's degenerative joint disease of multiple joints. The claims file and a copy of this remand must be made available to and contemporaneously reviewed by the examiner. 

With respect to each joint disability, the examiner is asked to address:

a. Whether it is at least as likely as not (a 50 percent probability or greater) that any joint disability began in service, was caused by service, or is otherwise related to service, to include in-service herbicide agents exposure.

b. If the above opinion is negative, then the examiner is asked to provide an opinion as to whether it is at least as likely as not (a 50 percent probability or greater) that any joint disability was caused or aggravated by the Veteran's service-connected bilateral knee disabilities.

Aggravation is defined as a worsening beyond the natural progression of the disability

In making these determinations the examiner must specifically consider and address the statements of the Veteran, Dr. R., and R.B. regarding the exposure to toxins and other chemicals, including Agent Orange herbicides in service, and his physical labor during service.

A complete rationale must be provided for any opinion offered.

2. If the schedular criteria for TDIU under 38 C.F.R. § 4.16(a) are not met, then refer the claim for TDIU to the Director of Compensation Service for considerations of extraschedular TDIU under 38 C.F.R. § 4.16(b).

3. Finally, the AOJ should readjudicate the claims, including entitlement to TDIU. If any benefit sought on appeal remains denied, provide a Supplemental Statement of the Case to the Veteran and his representative, and provide an appropriate period in which to respond. Then, if warranted, return the appeal to the Board.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).






_________________________________________________
ROBERT C. SCHARNBERGER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).